UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11349-RGS

MARIA MARTINS a/k/a MARIA HELENA MARTINS

v.

U.S. BANK, N.A., SUCCESSOR IN INTEREST TO
THE FEDERAL DEPOSIT INSURANCE CORP. AS RECEIVER FOR DOWNEY
SAVINGS AND LOAN ASS'N, F.A.

and

ALLIED HOME MORTGAGE CAPITAL CORP.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

September 26,  2011

STEARNS, D.J.

In an attempt to save her home from foreclosure, Maria Martins asks the court

to enjoin defendant U.S. Bank from conducting a foreclosure sale scheduled for

October 12, 2011.[1]  It is undisputed that Martins has been in default on her payments

on the underlying mortgage since 2009.  On July 22, 2011, she brought suit against

---

[1] Although Allied Home Mortgage Capital Corp. (Allied) is also named as a defendant, no allegations are made in the Complaint suggesting any real liability on its part.  (Allied notes that it takes no position on the motion for a preliminary injunction as it has "no interest in the property in question, financial or otherwise.")  Allied moved on September 1, 2011, to dismiss itself from the case, although the court has not yet acted on the motion.

U.S. Bank in the Massachusetts Superior Court alleging various irregularities in the manner in which Downey Savings and Loan Ass'n (Downey), the original mortgagee, had dealt with her efforts to refinance the mortgage. Her principal theory is that U.S. Bank is liable for negligently performing its contractual duties under the Obama Administration's Home Affordable Modification Program (HAMP), 12 U.S.C. § 1701x(c)(5).[2] Under HAMP, according to Martins, U.S. Bank "[was] not permitted to proceed with a foreclosure sale until a borrower has been evaluated for HAMP [relief]."[3] The Superior Court issued a temporary restraining order anticipating that the

---

[2] Martins acknowledges that any actual contractual obligation would run between the bank and the U.S. Government, making her at best a third-party beneficiary of the contract. *But see Spinner v. Nutt*, 417 Mass. 549, 555 (1994) (to recover as a third-party beneficiary, a plaintiff must show that she was the intended beneficiary of the contract, not merely an incidental one).

[3] Martins argues in her pleadings and through counsel at the hearing that based on an unpublished opinion by a Justice of the Massachusetts Superior Court, U.S. Bank as a mortgagee had a good-fath duty to consider reasonable alternatives to foreclosing on her home. As counsel stated, "our position is that a modification under HAMP is such a reasonable alterative and should be considered before foreclosure goes forward." Hr'g Tr. at 4-5. Counsel acknowledged that no Massachusetts appellate opinion has placed such a duty on a mortgage holder. The duty imposed by the Massachusetts appellate courts is of a different stripe. The law governing a mortgagee's responsibility to the mortgagor in the exercise of a power of sale is relatively straightforward. The mortgagee "'must act in good faith and must use reasonable diligence to protect the interests of the mortgagor.'" *Seppala & Aho Constr. Co. v. Petersen*, 373 Mass. 316, 320 (1977), quoting *West Roxbury Co-op. Bank v. Bowser*, 324 Mass. 489, 492 (1949). "If the statutory norms found in G.L. c. 244, §§ 11-17B, governing foreclosure of real estate mortgages, have been adhered to, Massachusetts cases have generally regarded that as satisfying the fiduciary duty of a

case would be resolved in the federal courts. On July 28, 2011, U.S. Bank, as expected, removed the case to the U.S. District Court. On September 7, 2011, U.S. Bank moved to dismiss the Complaint in its entirety, arguing that Martins' claims are barred by the applicable statutes of limitations and that, more fundamentally, she has no private right of action under HAMP. A hearing on the motion for a preliminary injunction was held on September 12, 2011. The court agreed to defer briefly a decision to give the parties the opportunity to file supplemental briefing on the viability of Martins' secondary claim under the Massachusetts Predatory Home Loan Practices Act, Mass. Gen. Laws ch. 183C.

"The test governing the award of a preliminary injunction . . . requires consideration of (1) the movant's likelihood of success on the merits, (2) the potential for irreparable harm, (3) a balancing of the relevant equities, and (4) the effect on the public interest." *Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995). "Likelihood of success is the main bearing wall of the four-factor framework." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996).

Without prejudging the ultimate disposition of Martins' claims, I doubt that she has any genuine prospect of success on the merits as required by the *Campbell Soup*

---

mortgagee to deal fairly with the mortgaged property, unless the mortgagee's conduct manifested fraud, bad faith, or the absence of reasonable diligence in the foreclosure sale process." *Pemstein v. Stimpson*, 36 Mass. App. Ct. 283, 286 (1994).

test.  In the first instance, the HAMP-related claims (Counts I and II) are not – as U.S.

Bank argues – sustainable as a private cause of action.   As Judge Woodlock points out

in *Okoye v. Bank of New York Mellon*, 2011 WL 3269686, at *7 n.10 (D. Mass. July

28, 2011), virtually every federal court that has grappled with the issue has come to the

same conclusion.  Although a lender's HAMP-related conduct might be so unfair and

deceptive as to give rise to a derivative claim under Mass. Gen. Laws ch. 93A, the

unfair conduct complained of in Counts III, IV, and V, occurred on or before April 4,

2005, when Martins refinanced her mortgage with Downey, and therefore lies outside

the four-year Chapter 93A statute of limitations.[4]  *See* Mass. Gen. Laws ch. 260, § 5A.

Finally, Martins' claim under Mass. Gen. Laws ch. 183C (Count VI) is barred by the

five-year statute of limitations that governs the bringing of an action.[5]  *See* Mass. Gen.

---

[4] The conduct alleged on the part of U.S. Bank that falls within the statutory deadline (Count VII) is based on a claim of a negligent evaluation of Martins' eligibility for a HAMP loan modification and a mishandling of her paperwork.  It is well established that mere negligence will not support a claim of a Chapter 93A violation. *See Darviris v. Petros*, 442 Mass. 274, 278 (2004).

[5] Although no decided cases have addressed the issue of whether Mass. Gen. Laws ch. 183C, § 15(b)(2), establishes an indefinite statute of limitations with respect to an action to enjoin a foreclosure, I agree with U.S. Bank that Martins' loan ceased to be a "high-cost mortgage loan" as the tolling statute requires when it was modified by the parties in 2008 to remove the pre-payment penalty.

Laws ch. 183C, § 15(b)(1).[6]

ORDER

For the foregoing reasons, Martins' motion for a preliminary injunction is

DENIED.  The parties will have twenty-one (21) days from the date of this Order to

supplement the pleadings on the motions to dismiss if they so choose.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[6] The remaining Counts of unjust enrichment, fraud, and the negligent infliction
of emotional distress are either time-barred or inadequately pled.